Jeffrey Soos (jsoos@saiber.com)
Katherine A. Escanlar (kescanlar@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike
Suite 200
Florham Park, New Jersey
(973) 622-3333

*Attorneys for Defendants North Star Insurance Advisors, LLC and Aaron B. Eidson*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD M. ZELMA,<br><br>Plaintiff,<br><br>NORTH STAR INSURANCE ADVISORS, and AARON B. EIDSON, individually, and Does' (1-10 and ABC Corporations' (1-10); each acting individually, in concert or as a group,<br><br>Defendants. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL**<br><br>*Document Filed Electronically* |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:

PLEASE TAKE NOTICE THAT Defendants North Star Insurance Advisors, LLC and Aaron B. Eidson (collectively, "Defendants"), by their attorneys, and pursuant to 28 U.S.C. §§1331, 1367, 1441, and 1446, with full reservation of all defenses, hereby remove this action from the Superior Court of New Jersey, Bergen County, Law Division, to the United States District Court for the District of New Jersey.  The basis for removal is as follows:

1. On January 24, 2022, Plaintiff Richard Zelma, representing himself *pro se,* filed a complaint in the action styled *Richard M. Zelma v. North Star Insurance Advisors, Aaron B. Eidson, individually, and Does' (1-10 and ABC Corporations' (1-10), each acting individually, in concert, or as a group*, in the Superior Court of New Jersey, Bergen County, Law Division, Docket No. L-000552-22 (the "Action").  Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 5.1(e), true and correct copies of all process, pleadings, and orders served upon Defendants in the Action are attached to this Notice as Exhibit A.  No other pleadings and no orders have been served on Defendants.

2. Defendants were served with a copy of the Summons and Complaint in the Action on February 10, 2022.

3. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1367, which may be removed pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (c), as Plaintiff brings claims under the laws of the United States and laws for which this Court may exercise supplemental jurisdiction.

4. Plaintiff's claims arise out of telephone calls allegedly made to him by Defendants. Plaintiff purports to allege causes of action against Defendants under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, 47 C.F.R. 64.1200(d), and the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-19, *et seq.*

## FEDERAL QUESTION JURISDICTION

5. This Court has federal question jurisdiction over the entire Action under 28 U.S.C. §§ 1441(a) and (c), which provide for removal of any civil action for which district courts have original jurisdiction, and allow removal of an entire case even when removable claims are joined with non-removable claims.

6. District courts have original subject matter jurisdiction over all civil actions arising under the laws of the United States, 28 U.S.C. § 1331, including claims brought under the TCPA. *Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740, 747 (2012) ("Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits."). As the Supreme Court stated in *Mims*, "[b]ecause federal law creates the right of action and provides the rules of decision, [plaintiff]'s TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the 'laws of the United States.'" *Id.* at 749. *See e.g., Zelma v. Alpha Gas & Elec., LLC*, No. CIV.A. 14-4330 CCC-J, 2014 WL 5160659, at *2 (D.N.J. Oct. 10, 2014) (denying motion for remand in another case brought under the TCPA by Plaintiff Richard Zelma).

7. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims. To the extent Plaintiff also asserts a claim purporting to arise under the laws of the State of New Jersey, these claims are so related to Plaintiff's federal claims for violations of the TCPA that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367(a). All of Plaintiff's claims arise out of the same set of alleged calls by Defendants.

## PROCEDURAL STATEMENT

8. Removal to this Court is proper under 28 U.S.C. § 1441(a) because this district embraces the Superior Court of New Jersey, Bergen County, Law Division, where this action is pending.

9. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the Summons and Complaint were purportedly served on Defendants on February 10, 2022, and this Notice is filed within thirty days. No answer or other responsive pleading has been filed in the Superior Court.

10. Pursuant to 28 U.S.C. § 1446(b), all Defendants purportedly served as of the date of this Notice have consented to this removal.

11. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal in the Superior Court of New Jersey, Bergen County, Law Division, and give *pro se* Plaintiff written notice of the removal of this Action.

12. By filing this Notice of Removal, Defendants do not admit to any liability to Plaintiff or anyone else, and does not waive any allegation, defense, argument, or principle of equity available to Defendants under state or federal law.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendants hereby remove the above described action now pending against Defendants in the Superior Court of New Jersey, Bergen County, Law Division to the United States District Court for the District of New Jersey.

Dated: March 10, 2022

**SAIBER LLC**
*Attorneys for Defendants North Star Insurance Advisors, LLC and Aaron B. Eidson*

*/s/ Jeffrey Soos*
Jeffrey Soos (jsoos@saiber.com)
Katherine A. Escanlar
(kescanlar@saiber.com)
18 Columbia Turnpike
Suite 200
Florham Park, New Jersey
(973) 622-3333